Nash. J.
 

 The intestate recovered a judgment in the County Court of Perquimans against John S. Wood. When thejudgment was obtained, it was agreed between the par-' ties, that, if the defendant would not appeal to the S uperior Court, a
 
 cessat executio,
 
 until the succeeding May Term of the Court, should be entered. Accordingly the following entry was made upon the docket: “ Stay execution, until May Term and thereafter until called for.” Between the February Term, when thejudgment was obtained, and the May Term following of the County-Court, a Term of the Superior Court intervened, at which judgments were confessed to his other creditors by J. S. Wood. Thereupon, the intestate, Dail. caused t te execmimiu controversy to
 
 *88
 
 issue upon his judgment, before the expiration of the time agreed on. Upon the application of Wood and the plaintiffs in the judgments confessed, the County Court at May Term set it aside and Dail appealed. In the Superior Court the order of the County Court was reversed, upon the ground, that the order, entered on the docket, was a private agreement between the parties, and not a record of the Court.
 

 In this opinion, we do not concur. The agreement, upon being entered on the record of the Court in the manner this was, became a rule of Court, vesting in the parties legal rights, which it was the duty of the Court to protect. After a final judgment, in favor of a plaintiff, he is entitled to his execution and may take it out, at any tune within a year and a day, where the parties remain the same. If, however, a writ of'error is brought, or the parties, at the time the judgment is obtained, agree, that an execution shall not issue for a.certain time, which is duly entered of record, the time, within which the plaintiff can take out his execution, is extended to twelve months and a day from the decision on the writ of error, or the termination of the specified
 
 time;
 
 and no execution can regularly issue in the mean time, except by order of the Court. 2 Tidd’s Prac. 994 — 1 Mod. Rep. 20. In his first volume, page 550, Mr. Tidd states, that when a judgment is confessed upon terms, which are duly entered, it is, in ellect, a conditional judgment, and the Court will •take notice of
 
 the
 
 terms and enforce them. Here, the judgment became, by the agreement of the parties, a conditional judgment, so far as the execution was concerned. The defendant in the original action had a right to appeal to the Superior Court ; the effect of his so doing would have been to vacate the judgment, delay the plaintiff, and put him to the trouble and expense of another trial. To avoid these results, Hail, the plaintiff, agreed to a
 
 ces'sat executio,
 
 for a limited time. 'Phis was entered on the records oí the Court, at the instance of the parties and in their presence, by a pro er ollke.- of the C am. 'Tills was done in the Clerk’s
 
 *89
 
 office, during terra time, and the Court met and sat on the second day after; so that the conclusion of law is, that it was recognised and adopted by it. Jfthereby became a rule of the Court, and beyond the action of ^either of the parties without its order. The execution in this case was improperly issued, not because thé rule of Court vacáted the judgment, but because it violated that rule or ^>rder. That the County Court had the power to set it aside on the application of J. S. Wood, who was the defendant, is shown by the case of
 
 Cody
 
 v
 
 Qunn,
 
 6 Ire. 193, and they were right in so doing.
 

 We think there was error in the Court below. The judgment is, therefore, reversed and that of the County Court affirmed.
 

 Pér Curiam. Judgment accordingly*